## The Ravinia Company, Appellee, v. Jean M. Strobel, Appellant.

### Gen. No. 6,011.   (Not to be reported in full.)

Appeal from the County Court of Lake county; the Hon. PERRY
L. PERSONS, Judge, presiding. Heard in this court at the April term,
1915. Affirmed. Opinion filed April 15, 1915. Rehearing denied
June 11, 1915.

### Statement of the Case.

Action for forcible detainer brought by The Ravinia
Company against Jean M. Strobel to recover posses-
sion of demised premises. The jury were peremptor-
ily instructed to find for the defendant, and from a
judgment entered on the verdict, the defendant ap-
peals.

The defendant went into possession under a written
lease for a term of one year beginning December 16,
1908, and on the expiration thereof she became a tenant
from year to year. September 20, 1913, the defendant
was served with notice of the termination of her ten-
ancy on December 15, 1913.

COOKE, POPE & POPE, for appellant.

WEST & ECKHART, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opin-
ion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 478*—*when notice sufficient to ter-
minate tenancy from year to year.* A notice given September 20,
1913, of the termination of a tenancy from year to year on Decem-
ber 15, 1913, is sufficient under sections 5 and 7 of the Landlord
and Tenant Act ·(J. & A. ¶¶ 7043, 7045) to terminate a tenancy
although the term began December 16, 1912.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

· 2.  LANDLORD AND TENANT, § 33*—*when description of demised premises in lease sufficient.*  The description in a lease of the demised premises is sufficient where it can be readily identified and located.

3.  FORCIBLE ENTRY AND DETAINER, § 81*—*when notice to quit admissible in evidence.*  A notice to terminate a tenancy under a corporation, *held* admissible under the pleadings in an action for forcible detainer without preliminary proof that it was signed by the president of the corporation.

4.  FORCIBLE ENTRY AND DETAINER, § 79*—*when lease and assignment admissible in evidence.*  A lease and an assignment thereof *held* properly admitted in evidence in an ʼaction for forcible detainer.

5.  FORCIBLE ENTRY. AND DETAINER, § 91*—*when peremptory instruction for plaintiff proper.*  A peremptory instruction for the plaintiff was properly given in an action for forcible entry and detainer, where there was no evidence tending to show that the defendant was entitled to possession of the premises in question.